UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

UNITED STATES OF AMERICA,

    -against-                                                **OPINION AND ORDER**

MICHAEL BROWN,                              07-CR-874 (KAM)

                     Defendant.

------------------------------------------------------------------------ X

A P P E A R A N C E S:

Benton J. Campbell
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
      *By Elizabeth Latif and William E. Schaeffer,*
      *Assistant United States Attorneys*

Green & Willstatter
200 Mamaroneck Avenue, Suite 605
White Plains, New York 10601
      *Attorneys for Michael Brown*
      *By Richard D. Willstatter*

**MATSUMOTO, United States District Judge:**

## I. BACKGROUND

      By motion and memorandum of law filed on December 1, 2008, defendant Michael Brown moves for an order striking language from three counts of a superseding indictment charging Brown with the sale of crack cocaine within one thousand feet of a private elementary and secondary school, in violation of 21 U.S.C. § 860(a), as surplusage under Fed. R. Crim. P. 7(d), and as unfairly prejudicial under Fed. R. Evid. 403. (Doc. No. 186, "Def. Mem.")

The government opposes the motion in a memorandum of law filed on December 15, 2008. (Doc. No. 203, "Gov. Opp.")

At the time he filed his motion, Brown was charged in Counts Five, Seven and Nine of a seventeen-count superseding indictment (Doc. No. 129, "July 2008 Indictment") with knowingly and intentionally distributing and possessing with intent to distribute, on December 7, 2006 (Count Five), December 12, 2006 (Count Seven) and January 9, 2007 (Count Nine), five grams or more of a substance containing cocaine base with respect to Counts Five and Seven, and fifty grams or more of a substance containing cocaine base with respect to Count Nine:

> in, on and within 1,000 feet of (a) the real property comprising a private elementary and secondary school, to wit: Bais Rachel D'Satmar in Brooklyn, New York, and (b) the real property comprising a housing facility owned by a public housing authority, to wit: the Marcy Houses in Brooklyn, New York.

(July 2008 Indictment, ¶¶ 5, 7, and 9.) On February 9, 2009, the government filed an eleven-count superseding indictment (Doc. No. 241, "February 2009 Indictment") in which, in relevant part, Counts Three, Four and Five charged Brown, using the exact same language, with the same crimes charged in Counts Five, Seven and Nine of the July 2008 Indictment. In light of the fact that the counts referred to in defendant's motion were not changed beyond renumbering in the February 2009 Indictment, the court treats defendant's motion as relating to Counts Three, Four and Five of the February 2009 Indictment. Where the term "indictment" is used hereinafter, the term refers to the February 2009 Indictment.

For the reasons set forth below, Brown's motion to strike language referring to Bais Rachel D'Satmar from the indictment is denied.

## II. DISCUSSION

### A.   Factual Background

According to the government, the charges at issue here stem from an investigation conducted by the Federal Bureau of Investigation and the New York Police Department during 2006 and 2007, during which confidential informants and cooperating witnesses purchased cocaine on dozens of occasions in and around the Marcy Houses, a publicly-owned housing facility in Brooklyn, New York.  (Gov. Opp. at 3.)  Some of the charged crimes allegedly took place in defendant's apartment and at his address, 125 Nostrand Avenue, Brooklyn, which are part of the Marcy Houses.  (Def. Mem. at 1-2; Gov. Opp. at 3.)  Bais Rachel D'Satmar is a Hasidic girls' school, allegedly located within 1,000 feet of the charged crimes, approximately a city block and a half away.  (Def. Mem. at 2; Gov. Opp. at 8.)

### B.   The School Zone Language Cannot Be Striken

Title 21, United States Code, Section 860(a) establishes penalties for anyone

> distributing, possessing with intent to distribute, or manufacturing a controlled substance in or on, or within one thousand feet of, the real property comprising a public or private elementary, vocational, or secondary school or a public or private college, junior college, or university, or a playground, or housing facility owned by a public housing authority, or within 100 feet of a public or private youth center, public swimming pool, or video arcade facility[.]

21 U.S.C. § 860(a).

Defendant contends that the charged crimes "either took place in and within 1,000 feet of the Marcy Houses or they did not take place at all," and that "[w]hether that housing facility is also near a religious, Jewish girls' school is entirely irrelevant to the government case against the defendant" because "[t]he location of the school adds nothing to the government's

case except the possibility that such evidence might inflame the jury." (Def. Mem. at 1-2, 3.) The government responds that "the reference to the school . . . is not merely descriptive, but rather, is a means of proving the charges" because the government is permitted to "put on evidence that Brown violated 21 U.S.C. § 860 in two different ways—by possessing drugs in a housing project and by possessing drugs within 1,000 feet of a school." (Gov. Opp. at 5.)

Federal Rule of Criminal Procedure 7(d) states that, "[u]pon the defendant's motion, the court may strike surplusage from the indictment[.]" "The purpose of 7(d) is to protect the defendant against prejudicial allegations of irrelevant or immaterial facts." 1 C. Wright, Fed. Practice and Proc. § 128 (2008). A motion to strike surplusage "will be granted only where the challenged allegations are not relevant to the crime charged and are inflammatory and prejudicial." United States v. Scarpa, 913 F.2d 993, 1013 (2d Cir. 1990) (emphasis added, quotations omitted); see also United States v. Urso, 369 F. Supp. 2d 254, 270 (E.D.N.Y. 2005).

The questions that must be answered here are whether the indictment's charges regarding the school are proper, and whether evidence in support of the indictment's allegation regarding Bais Rachel D'Satmar is "admissible and relevant to the charge." Scarpa, 913 F.2d at 1013. An indictment may charge "in a single count . . . the commission of a crime by several means," United States v. Crisci, 273 F.3d 235, 238-39 (2d Cir. 2001) (quoting United States v. Murray, 618 F.2d 892, 896 (2d Cir. 1980)). For this reason, the Second Circuit distinguishes "between improperly charging separate offenses in one count and properly charging separate means of committing a single crime in a single count." Id. at 239. See also United States v. Schiff, 801 F.2d 108 (2d Cir. 1986) (holding that an indictment "worded in the conjunctive, charging violations of statutes worded in the disjunctive, can be supported by proof of either of

the conjoined means of violating the act"), cert. denied, 480 U.S. 945 (1987); United States v. Astolas, 487 F.2d 275, 280 (2d. Cir. 1973) (stating that "[a]n indictment may charge alternate ways of violating a statute in the conjunctive, and a conviction under such an indictment will be sustained if the evidence justifies a finding that the statute was violated in any of the ways alleged"), cert. denied, 416 U.S. 955 (1974).

   The indictment therefore properly charges Brown with violating 21 U.S.C. § 860 by two different means, namely, by distributing narcotics within 1,000 feet of a publicly-owned housing facility and within 1,000 feet of a private elementary school.  Because the indictment may properly charge Brown with violating the statute by more than one means, Brown is incorrect in his claim that "[t]he location of the school adds nothing to the government's case except the possibility that such evidence might inflame the jury." (Def. Mem. at 3.)  The location of the school is directly relevant to the core question of whether Brown's is guilty or innocent of distributing narcotics in a school zone—one of the means of violating 21 U.S.C. § 860 with which Brown has been properly charged.

   The only detail regarding the school given in the indictment is its name, which is not prejudicial.  At trial, the government must identify the school at issue in order to prove Counts Three, Four and Five, and thus the name of the school is evidence that is admissible and relevant to the charge.  "If evidence of the allegation is admissible and relevant to the charge, then regardless of how prejudicial the language is, it may not be stricken." Scarpa, 913 F.2d at 1013 (quoting United States v. DePalma, 461 F. Supp. 778, 797 (S.D.N.Y. 1978) (emphasis added).  The court orders, pursuant to Fed. R. Crim. P. 403, that the government refrain at trial from presenting evidence that the Bais Rachel D'Satmar is a religious school and that it is a girls'

5

school, because the probative value of such evidence would be outweighed by its potential to prejudice the jury.

For the reasons given in the government's memorandum of law, the government may properly present its full case regarding the charges in the indictment and decline to stipulate to limiting its case as proposed by defendant Brown.

### III. CONCLUSION

For the foregoing reasons, the court finds that evidence of the indictment's allegation that Bais Rachel D'Satmar is a private elementary and secondary school located within 1,000 feet of the alleged crimes is relevant and admissible against Brown. The court therefore denies defendant's motion to strike the school zone language from the indictment.

**SO ORDERED**.

Dated: February 19, 2009
 Brooklyn, New York

_____/s/_____
**Kiyo A. Matsumoto**
United States District Judge