UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————

UNITED STATES OF AMERICA,

v.

SHAWN PENDER,

Defendant.

———————————————————

)
)
)
)
)
)
)
)
)
)

07-CR-874 (JBW)

**Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)**

**JACK B. WEINSTEIN, Senior United States District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008) (2d Cir. 2008) (quoting Rita v. United States, 127 S.Ct. 2456, 2468 (2007)) (internal quotations and alterations omitted). Although a written statement of

1

reasons pursuant to 18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On July 1, 2008, Shawn Pender pled guilty to count one of a forty-count indictment, which charged that between May 2006 and November 2007, Pender and others conspired to distribute and possess with intent to distribute fifty grams or more of cocaine base, a violation of 21 U.S.C. § 841(a)(1).

Pender was sentenced on March 27, 2009. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be thirty-one and defendant's criminal history category to be three, yielding a guidelines range of imprisonment of between 135 and 168 months. A ten-year statutory mandatory minimum term of imprisonment applied. See 21 U.S.C. § 841(b)(1)(A)(iii). The offense carried a maximum term of life imprisonment. See id. The guidelines range of fine was from $15,000 to $150,000. The open charges in the indictment were dismissed upon motion by the government.

Pender was sentenced to ten years imprisonment and five years supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not, and will not in the future, have assets to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of

sentencing. 18 U.S.C. § 3553(a). The court did not depart from the guidelines and sentenced the defendant under 18 U.S.C. § 3553(a).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." <u>See</u> 18 U.S.C. § 3553(a)(1). The offense is serious. The defendant was a member of a gang that ran a criminal drug ring that disturbed the peace and threatened the safety of residents living in a public housing project. Pender was raised without a father figure or other male role model. He did not obtain a high school education. His relative youth, acceptance of responsibility, and legitimate job history evidence that, with educational training in prison, he will be capable of leading a productive, law-abiding life upon his release. He has strong family support, including that of his mother and the mother of his young child. A sentence of ten years reflects the seriousness of the offense, will promote respect for the law and provide just punishment. <u>See</u> 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in drug gangs will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation. It is unlikely that he will engage in further criminal activity in light of his family circumstances and acceptance of responsibility for his actions.

Jack B. Weinstein
Senior United States District Judge

Dated: April 14, 2009
      Brooklyn, New York

3